The United States Court of Appeals for the Ninth Circuit is now in session. Good morning and welcome. I'm Bridget Beatty. I'm a circuit judge with my chambers in Phoenix, Arizona. I'm very pleased today to be sitting with Judge Gabriel Sanchez, who is a circuit judge with his chambers in San Francisco, California. And Judge Sanchez and I are both very pleased to be joined today by Judge John Lefkoe, who is a senior district judge from Chicago, Illinois. So our first case this morning has been submitted. The first case for argument is United States v. King. And counsel will hear in person. So Ms. Mains, if you're ready. Good morning, Your Honors, and may it please the Court, I'd like to reserve two minutes for rebuttal argument and will attempt to do so with my own clock. Thank you. The purpose of the statute of limitations is to ensure the petitioners bring challenges to their convictions expeditiously. In this matter, Mr. King did so. Mr. King was told by everyone involved in the case that the question of whether his conviction required registration as a sex offender was a question of State law. His attorney was explicitly telling him that. When the government took absolutely no position in the plea agreement, it made that statement as well. When the district court issued the order enjoining the probation officer from requiring any sex offender registration while the issue was pending in the Oregon State courts, the district court also explicitly took the position that it was not going to opine on the disposition of the question. Everyone knew this was a question of Oregon State law. And everyone knew that this question of Oregon State law had not yet been resolved. Mr. King was the first person to bring it before a court. So your argument that this was an unsettled issue of State law, I only saw that raised in your reply brief. Did you raise that in your opening brief anywhere? I believe I did, Your Honor. I could go back and look, but that has been our position. I thought your position was that he didn't have sufficient information to essentially trigger the discovery rule, that he knew or should have known that he might have an ineffective assistance of counsel claim, and that it was clearly an issue of State law. But it seemed to me the first time you argued that this was some sort of unsettled issue was in your reply brief. I think how I phrased it in the opening brief was that the issue was not yet right. I think I used the term unsettled law because in response the government argued, and actually I must have argued it was unsettled law, because as I recall, the government argued in their brief that all of the legal issues were well settled. And I pointed out in my reply brief that the law the government was talking about as well settled was the theoretical law of the statute of limitations, which I personally disagree is a well settled concept in any 2255 or 54 concept given its uniqueness to every case. So as I understand your argument, your position is that until an Oregon court ruled on this question, he didn't have sufficient information to put him on notice to investigate whether he had a claim? Until an Oregon court conclusively established that he had to register as a sex offender, both he was not on notice that he needed to challenge his conviction, and second, the issue wasn't right. There was nothing in the judgment requiring him to register. Mr. Means, what authority would you cite for the proposition that the one-year clock gets reset going through a state appeals court process? That's the basic 2244, Your Honor, although I'm acknowledging that this is not one of those issues that's on all four with the statutory scheme because this isn't technically a 54 where he's exhausting, but what 2244, that's 28 U.S.C., 2244 D1B says that once the impediment, whatever the impediment is, there's a year from that date. So to the extent that, and we also talk about under 2255 F4, the triggering date we think is the denial, the final resolution in the Oregon court. So both that it's the triggering date for the federal statute of limitations under the 2255 provisions. I might agree that the issue might have been unsettled before any Oregon court had weighed in, but once the circuit court, the first stage of the court had weighed in and denied his declaratory relief action, why isn't that the triggering event itself? I'm trying to understand where you're anchoring this conclusively resolved language that you're proposing anywhere in statute or case law. Well, with analysis to the 2254 context, I anchor it in O'Sullivan v. Borkel, which says every level you should pursue. The difficulty with that is there is an exhaustion requirement for 2254 and we don't have that here. So there's a reason why it has to go through the entire state process under 54. I would note that what trial counsel who is litigating the issue stated in his declaration is that the ruling from the Multnomah County Circuit Court was from the bench with no written opinion and that's in the ER at page 16 and he believes she was wrong. So he promptly appealed to the Oregon Court of Appeals and if you look, and this is interesting to me, it's on ER 22, he timely files his brief. The state sought four extensions of time before filing the responsive brief. Then he timely files his reply. If we judge from the date that the Oregon Court of Appeals denies any review, and this is a review as a matter of fact, if the Oregon Court of Appeals denies any review and add the prior period in between when the United States Probation Officer and the state police had their opinion that he should register and Mr. King's counsel began the declaratory action, even if we add that period, the time period after the decision by the Oregon Court of Appeals, Mr. King is timely. But what is it that he needs to know? I mean, what is the trigger? It seems that any information, arguably even the government's equivocation in the plea agreement and then the probation officer's direction that he needed to register as a sex offender, all of these events are triggers that would put him on notice that he needs to exercise due diligence and discover whether he has a claim. I mean, I don't think the rule is that you have to absolutely, with no facts that put you on notice, that's enough to trigger the statute of limitations. It's enough to trigger the diligence requirements under Johnson, and that's Johnson and Custis both note that once you have reason to think there's an issue, diligence is definitively in order. And what he does after hearing from the probation officer, who is basing his opinion on what the state police is telling him, the first thing is the lawyer calls the state police and asks for an explanation and does not get one. That is on ER at 26. The lawyer tells Mr. King that he thinks the state police and the PO are wrong. The lawyer knows that the way to challenge this issue is with the declaratory judgment action, and he files that. The lawyer files the emergency motion, at which point the district court agrees. This issue is stayed pending resolution of the state court litigation, and the district court itself takes no position on the merits of the issue. Well, didn't the district court really just stay whether the probation office would take action against Mr. King for a violation? Because if he were required to register and he failed to do so, that would be a violation of his probation. So the district court wasn't saying you're required to register or not. It was just staying whether the court would take any action. It also states, and this is on the ER at page 40, takes no position on whether Mr. King is required to register by state law. But doesn't that in itself trigger information for Mr. King to start doing an investigation and decide if he has a claim? It triggers the Johnson's diligence requirement, which is met by him moving into state court, because Johnson and Custis both tell him, as does Estelle and any number of Supreme Court holdings, this is a state law issue, ask the state court to decide. I see I'm down to a minute, so I will reserve the remainder of my time. Thank you, Your Honor. Thank you. Mr. Bodell? Thank you, Your Honors. Good morning. May it please the court, Ethan Bodell on behalf of the United States. I think that there are two factual issues that I think are worth clarifying right off the bat, because in both parties' briefs, I would concede that they were not necessarily as clear as they could have been. The first is that the Oregon State Police is the agency in the state of Oregon that is responsible for determining who has to register as a sex offender, getting those people registered, and monitoring their compliance over the term of their registration. There is a lot of focus in this case on the probation officer's notice. In the opening brief, the issue was cited as, Mr. King learned that he had to register from the federal probation officer, but that's not a licensed attorney. In the reply brief, that argument shifted to, well, a federal probation officer is not allowed to impose conditions of supervision. That's up to a district judge. That determination was not made by the federal probation officer. He was merely a middleman. He received notice from the agency responsible for determining registrable offenses, the Oregon State Police. Mr. Bodell, I'm sorry to interrupt before you get to your second point, but is it your position that instead of filing an emergency motion, Mr. King should have filed the requested relief directly with the district court and asked the court to weigh in on this matter of state law? No, we believe that the appropriate action would have been for Mr. King to bring his habeas motion either from one year of February 2018, when he was notified by multiple parties that he was required to register, or as you mentioned in your question to Ms. Mains, within one year of the circuit court's judgment, because even if those initial notices, for Obviously, the statute does not require that you discover the fact from a specific party, but if receiving it from a probation officer or the state police is for any reason deemed to not be a fact underlying that claim, then certainly the circuit court's judgment, we think, would have been. But doesn't this put him in a pretty difficult position? Let's assume the triggering date was the circuit court's decision. On the one hand, he's seeking an appeal through the state system, saying that the court got it wrong, and his attorney is in fact correct. And then on the other hand, you're saying he should have simultaneously filed his motion in federal court claiming ineffective assistance of counsel on that very same claim. How could he make those two arguments simultaneously? Well, if he brings, first of all, I would say only one of those two claims was time barred. There's a one-year limitation on his ability to bring the 2255, not on his ability to challenge his sex offender registration requirement. He's required to register for the rest of his life. The time bar wouldn't apply if he's filing the 2255 motion in federal court at the same time as he's pursuing his appellate rights. So, he's within the one year. I'm asking, are we asking too much of someone making completely different arguments at the same time? I don't believe so, and I believe if Mr. King had been successful in either of those claims, it would have essentially initiated the other claim. If the federal court were to rule that his counsel was ineffective and vacated his conviction, he's no longer convicted of an offense that requires registration. So, he no longer needs to register as a sex offender and he has no claim in state court. If the state court rules that he is not required to register as a sex offender based on his federal conviction, he no longer has a claim of ineffective assistance of counsel. So, I don't believe there's any reason he could not have pursued both, but were he to pursue one over the other, I think the best idea would have been to pursue the one that was time barred. He made a strategic decision, though, to pursue the state court claim for two and a half years. And the term that Ms. Maines used over and over in her briefs and this morning in her argument was diligence, that he was, he met this diligence requirement under the Johnson case. In fact, he filed his 2255 two and a half years after he first discovered the fact on which his ineffective assistance claim was based. And so, we don't find that to be particularly diligent. He made that decision to go through state court because he believed that the state court would agree with him. But what happened was that the state court continued to affirm a fact that he had already known for two and a half years. And I think that's a very important point here because those cases, there are five cases cited in the briefs that stand for this proposition that a state court's decision can be the fact underlying an ineffective assistance claim. We agree a state court decision can be that fact. That's simply not the case here. And the difference in those five cases, that's the Supreme Court cases of Johnson and Custis, LaValle and Shannon in the Ninth Circuit, and Sexton versus Wainwright in the Sixth Circuit. Each one of those, the state court's decision was the fact. They were learning it for the first time when the state court decided the issue. They used the language in Johnson of a necessary predicate and in this case, the state court's decision did not remove any sort of procedural hurdle for Mr. King to file a 2255, and it did not provide any new information that he didn't already have. So we don't believe that the state court's decision served as any type of necessary factual predicate on which his claim was based. He already had that factual predicate. I suppose, had they ruled in his favor, that would have been a new factual development in the Johnson line in that case, but because of the denial. But not a factual element to support a 2255. In fact, it would have eliminated any need for a 2255. If he doesn't have to register, he has no claim for ineffective assistance. What is the date from which you say the clock starts to run? We believe that the clock started to run in February of 2018. I know that there's not an exact date cited. There are no, there's not a copy of the letter he received from probation or from the Oregon State Police. But that is when he was put on notice by two parties, including the exact authority who makes those calls, February of 2018. Now, we're open to the idea that he wanted to wait until he conclusively heard something in state court to say the same thing. And I agree with Judge Sanchez's point earlier that once he got that circuit court ruling in the state of Oregon, he now had all these pieces of information and he was still within his one year window. So he could have learned this fact using the language of 2255F4, discovered the fact underlying his claim from his federal probation officer, from the Oregon State Police, and from a state court, all within a year. Should we take anything from the fact that the federal court seemed reluctant to want to wade in on a state issue of law, on this issue of state law? I don't believe so. And that was the second point, actually, in my initial statement that I wanted to clear up. There are a lot of references in the briefs to the district court staying this requirement. And I think it's very important to make clear that, I believe the language Ms. Mains used this morning was enjoining any sex offender registration. That's not what the district court's stay did. As you mentioned, Judge Beatty, the district court's order was directed only to the federal probation officer to not essentially go out and bring Mr. King in on a supervised release violation. Leave that open while he's arguing the issue in state court. The sex offender registration requirement itself was never stayed. In fact, he was required to register in 2018, 2019, and 2020, the entire time he was litigating his action in state court. And so this idea that the penalty was sort of paused and that he didn't really have a ground on which to bring this claim, that's not the case. He was simply, the probation officer couldn't find him in violation of supervised release. Did he register? He did not. He was found in violation in noncompliance each of those years. He only registered, as I mentioned earlier, he's required to register for life as a result of his federal conviction. He registered for the first time in 2021, which was after the state court had decided the issue at every level and he had filed his 2255, which was ultimately deemed untimely. At that point, the district court, the government moved to lift the stay in joining the probation officer from taking action. The government agreed with that. And when Mr. King filed a motion for a certificate of appealability in this matter, he also asked for that stay to be continued and the district court declined to do so. Can I ask you a question about equitable tooling? Even if we agree that the statute of limitations was a bar, your view is that this was not an extraordinary circumstance that merits equitable tolling. Correct. Why is that? You know, going back to my earlier question about whether it's untenable or difficult for someone to have these two very conflicting legal positions, would that qualify as an extraordinary circumstance here? That's a great question. And I don't believe so. I think we have very, very good examples of how high that bar is for equitable tolling. You know, the Supreme Court in Holland made very clear that you have to be pursuing your rights diligently, but there has to be an extraordinary circumstance that's stood in the way of you being able to file. And I think that the Shannon versus Newland case, which is cited in the briefs, is very on point here. That's a Ninth Circuit case from 2005. And what that case does is create a distinction between an actual impediment to being able to bring your claim and simply not believing that you would be successful, having what you think is no legal basis. So in Mr. King's mind, until he litigated the issue through state court, he didn't think he had the legal basis to file. But Shannon versus Newland tells us that that's very different from simply not being able to file. Or as Bills versus Clark in this court has said, make it impossible to file on time. We don't believe that that was the case here. We just believe he made the wrong strategic decision, and that is not a ground for equitable tolling in its own right. All right. Thank you. Thank you. All right. Ms. Vance, you have a little over a minute. First, I am absolutely unaware of any court anywhere or any agency that found Mr. King in noncompliance during the times cited by Mr. Bodle. There was no State action. There was no Federal action. I haven't seen those facts. I do not know what we are talking about. In terms of why Mr. King should not have filed at the same time he was pursuing a State court action, the dual-track litigation issue is something which this Court has already said petitioners are not, I'm sorry, petitioners are not required to do in order to demonstrate due diligence. That was in Gibbs v. Legrand, 767 F3rd 879, quoting Doe v. Busby, 661 F3rd 1001, and Spitzin v. Moore. Multiple times the Federal courts have said, if you are relying on your lawyer over there, and this Court has said, if you are relying on your lawyer in post-conviction, you don't have to come into Federal court with a dual petition. It would be a waste of judicial resources. And if he had, he faced a younger abstention argument, which under Beltran would have required dismissal of his petition. He was not required to register at that time by any order of the Federal court, and the issue is being litigated in the State courts. And I encourage Your Honors to actually take a look at ER 40. The District Court definitively says that it is not taking a position on the State law issue. The District Court was awaiting the State court resolution, as is appropriate, under Estelle, Custis, Johnson, and all of that Supreme Court authority we cited. It seems to me that this attorney, you know, had reason to know, as the statute says, that it was time to file a habeas, at least when the Circuit Court ruled. You're not arguing that that attorney misled Mr. King about the date to file his habeas motion. Well, our 28J letter noted the Benjamin decision, which quoted an earlier decision that escapes me at the moment, that talks about when you rely on your lawyer's advice, and the lawyer was definitively telling Mr. King he would prevail, that that lawyer, if that lawyer is wrong, that can qualify as the exceptional circumstance for equitable tolling. And I'd just like to point out on the equitable tolling issue, we're all lawyers here, and we can come up with three or four dates that might have started the statute of limitations. The judgment, the State police and the probation officer, the Marion County Circuit Court. If we, as trained lawyers, can come up with three or four dates, that just demonstrates how complex this issue would be for a pro se petitioner. Or conversely, it demonstrates how many times he was put on notice that he should investigate a claim. And he was. The investigation was litigation in State court, which he begins immediately as soon as there's any indication that the State police believe he should register. Even before that, the lawyer had attempted to contact the State police and analyze the issue with them. I mean, or it might suggest a third possibility, which is that the lawyer was not ineffective. You know, he gave his best advice based on what he determined on an unclear area of law. I know that issue is not before us, but it does beg the question whether he was ineffective in the first place. And we will get there. I would personally note for myself, given how critical an issue this was to Mr. King, I think the lawyer had options, such as seeking an advisory opinion from the State police, or maybe even the Multnomah County Court, who are not so limited in advisory opinions as Federal courts are. Because then, and also lawyers, I personally don't think should ever tell clients a definitive answer on an unsettled question of law. But yes, the effectiveness of Mr. Olson on this issue is whether Mr. King would have gone to trial, not whether that trial would have been a good idea. But under Lee and Lockhart, would he have gone to trial? And we think that is something we will very definitively be able to establish on the merits. Thank you, Your Honor.
judges: BADE, SANCHEZ, Lefkow